IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN J. McCARTHY,

    Plaintiff

vs.

WARDEN EBBERT, *et al.*,

    Defendants

CIVIL NO. 1:CV-17-0399

(Judge Caldwell)

*M E M O R A N D U M*

I. *Introduction*

    The pro se plaintiff, John McCarthy, a former federal inmate, initiated this action on February 23, 2017, while housed at the United States Penitentiary in Lewisburg, Pennsylvania. (ECF No. 1, Compl.). Presently before the court is McCarthy's motion for leave to proceed *in forma pauperis* (IFP). (ECF No. 5).

    For the reason that follow, McCarthy's IFP motion will be denied. The action will therefore be dismissed without prejudice unless McCarthy pays the requisite filing fee of $400.[1]

II. *Standard of Review*

    "In the Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321–66, Congress placed several limitations on prisoner litigation in federal courts." *Bruce v Samuels*, ___ U.S. ___, ___, 136 S.Ct. 627, 630, 193 L.Ed.2d 496 (2016). One such

---

[1] Effective May 1, 2013, an administrative fee of $50 is to be paid in addition to the $350 filing fee required upon filing of a civil action, for a total of $400. The $50 fee does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

limitation was the "three-strikes provision: Prisoners whose suit or appeals are dismissed three or more times as frivolous, malicious, or failing to state a claim on which relief may be granted are barred from proceeding IFP 'unless the prisoner is under imminent danger of serious physical injury.' § 1915(g)." *Id.* at ___, 136 S.Ct. at 630; *see also* 28 U.S.C. § 1915(g).

"[A] prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc). "By using the term 'imminent,' Congress indicated that it wanted to . . . prevent impending harms, not those harms that had already occurred." *Id.* at 312-15. However, an inmate can meet the imminent danger exception by alleging a continuing danger of serious physical injury. *Prall v. Bocchini*, 421 F. App'x 143, 145 (3d Cir. 2011)(nonprecedential); *Chavis v. Chappius*, 618 F.3d 162, 170-71 (2d Cir. 2010) (prison can establish imminent danger of physical harm by recounting recent injuries that reveal an "ongoing pattern of acts" as well as threats of future harm); *Andrews v. Cervantes*, 493 F.3d 1047, 1056- 57 (9th Cir. 2007) ("a prisoner who alleges that prison officials continue with a practice that has injured him or other similarly situated in the past will satisfy the 'ongoing danger' standard"). However, vague, general, or conclusory allegations are insufficient to establish that a plaintiff is in imminent danger. *See Ball v. Famiglio*, 726 F.3d 448, 468 (3d Cir. 2013), *abrogated on other grounds by*, *Coleman v. Tollefson*, ___ U.S. ___, ___, 135 S.Ct. 1759, 1763, 191 L.Ed.2d 803 (2015).

When evaluating an allegation of imminent danger of serious physical injury,

the court must determine whether the inmate has drawn "an adequate nexus between the claims [s]he seeks to pursue and the 'imminent danger' [s]he alleges." *Ball v. Hummel*, 577 F. App'x 96, at n.1 (3d Cir. 2014) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009)). "[T]here must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in the complaint." *Pettus*, 554 F.3d at 297. "In deciding whether such a nexus exists, [courts] will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury." *Pettus*, 554 F.3d at 298-99 (emphasis and footnote omitted).[2]

III.    *Allegations of the Complaint and Imminent Harm*

McCarthy alleges that for the past three years, he was housed in the Special Management Unit (SMU) at USP Lewisburg. (ECF No. 1, Compl.) While there "John Doe Staff refused to provide [him] administrative remedy forms and often refused to process them that addressed staff misconduct; harassment; assault; denial of medical care; denial of protection; denial of showers, recreation, safe housing; reckless excessive cell searches; denial of dental care and due process at required hearings; denial of halfway house; denial of access to courts and law library." (*Id.*, p. 2).

---

[2] McCarthy has been released from prison. However, he was incarcerated at the time he filed this civil rights action, so the Prison Litigation Reform Act still applies. *Defreitas v. Montgomery Cty. Corr. Facility*, 525 F. App'x 170, 176 (3d Cir. 2013)(nonprecedential)(citing *Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir. 2002)).

McCarthy avers that he personally advised Warden Ebbert, John Doe Agents and Staff Attorney Cunningham "of the forgoing" and all defendants ignored him. (*Id.*) As a result, he claims he "suffered pain and suffering and scars and disease." (*Id.*, p. 3). He seeks compensatory and punitive damages. (*Id.*)

In his application to proceed *in forma pauperis* (ECF No. 5), McCarthy affirms that:

> prior to the filing of the complaint in this action and while a prisoner as that term is defined in 28 U.S.C. § 1915(h), [he] brought 3 or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted.

(*Id.*, p. 1). He seeks to proceed *in forma pauperis* asserting a claim of imminent danger of serious physical injury. (*Id.*, p. 2). He explains that he was under imminent danger of serious physical injury at the time he filed the Complaint based on the following:

> [He is] denied medical and mental health for serious needs and denied protection and assaulted by staff and prisoners.

(*Id.*)

IV. *Discussion*

As noted above, an inmate with "three strikes" is denied the opportunity to proceed *in forma pauperis* unless he can show "imminent danger of serious physical injury" at the time he filed the complaint. 28 U.S.C. § 1915(g); *Abdul-Akbar,* 239 F.3d at 312.

Aside from McCarthy's admission of being a "three striker," the court is familiar with McCarthy's litigation history and has already had the opportunity to address his

-4-

status as such. *See McCarthy v. Warden, U.S.P. Lewisburg*, No. 99-CV-1587 (M.D. Pa. Apr. 13, 2000) (ECF No. 5). Other courts have also confirmed McCarthy's "three strike" status.

> By 1996, [McCarthy] had filed 136 cases in the United States District Court for the District of Connecticut alone and an injunction was entered against him. *See McCarthy v. Meachum,* 1996 WL 905938 (Nov. 15, 1996). The plaintiff admits that he is beyond § 1915's three-strike, and the undersigned's review of his lawsuits confirms that admission. At least three of the plaintiff's prior civil actions or appeals have been dismissed as frivolous or for failure to sate a claim.

*McCarthy v. O'Brien*, No. 13-CV-70, 2014 WL 795074, *3 (N.D. W. Va. Feb. 27, 2014) (footnote collecting McCarthy's cases dismissed as frivolous or for failure to state a claim). With this issue conclusively resolved, the court must determine whether McCarthy may proceed *in forma pauperis* under 28 U.S.C. § 1915(g).

McCarthy's Complaint focuses on USP Lewisburg's staff failure to provide him with, or properly process, administrative remedy forms. (ECF No. 1). There are no allegations in the Complaint that Defendants denied him medical or mental health care. Likewise, he does not assert that the Defendants have failed to protect him from assault by staff or inmates. (*Id.*) In fact, these are allegations McCarthy has asserted in prior civil rights action including his Complaint in *McCarthy v. Warden Ebbert*, 1:16-CV-0331 (M.D. Pa.) (ECF No. 1, Compl.).[3] Accordingly, McCarthy has not demonstrated the necessary

---

[3] That action was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) after McCarthy failed to file an amended complaint concerning his allegations that USP Lewisburg officials and/or medical professionals had violated his constitutional rights by failing to protect him from
(continued...)

nexus between the imminent danger alleged in his application to proceed *in forma pauperis* and claims asserted in his Complaint. Likewise, McCarthy has not alleged, nor can the court find, even given the most liberal pleading standards, that Defendants' alleged actions in refusing to provide him with, or properly process his, administrative remedies subjects him to imminent danger of serious physical injury.

V.  *Conclusion*

Because McCarthy has at least three "strikes" and he has not demonstrated that he was in imminent danger of physical harm at the time he filed his Complaint, he will not be permitted to proceed *in forma pauperis* under 28 U.S.C. § 1915(g). Accordingly, McCarthy may not proceed in this action without prepayment of the $400 filing fee. Should McCarthy pay the full filing fee, the court will proceed to screen his Complaint pursuant to 28 U.S.C. § 1915A. His failure to pay the filing fee will result in the dismissal of his action without prejudice.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: May 23, 2017

---

[3](...continued)
assault, used excessive force against him, denied him medical/mental health care, and interfered with his legal mail. *See McCarthy v. Warden Ebbert*, 1:16-CV-0331 (M.D. Pa.) (ECF Nos. 8 - 10).